NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVERLINE WILLIAMS, | No. 23-15251 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-04501-HSG |
| v. | |
| REDWOOD TOXICOLOGY LABORATORY, DBA Abbott Laboratories, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted August 27, 2024[**]

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Everline Williams appeals pro se from the district court's summary

judgment in her employment action alleging federal and state law claims. Because

the facts are known to the parties, we repeat them only as necessary to explain our

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision.

The district court properly granted summary judgment in favor of Redwood. Williams's claim alleging disability discrimination fails because she did not suffer an adverse employment action. *See McRae v. Dept. of Corrs. & Rehab.*, 142 Cal.App.4th 377, 386 (2006). Williams's claim alleging harassment fails because isolated incidents are insufficient to establish harassment. *See Lawler v. Montblanc North America, LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013). Williams's claim alleging failure to provide reasonable accommodations fails because Redwood provided reasonable and adequate accommodations. Although Williams made requests for more accommodations, employers are not required to provide the specific accommodation that employees seek. *See Wilson v. County of Orange*, 169 Cal. App. 4th 1185, 1194 (2009). Williams's claim alleging failure to engage in the interactive process fails because she does not suggest that Redwood ever avoided conversations, and the evidence suggests that Redwood maintained an open dialogue with her. *See Jensen v. Wells Fargo Bank*, 85 Cal.App.4th 245, 263 (2000). Williams's claims alleging retaliation and wrongful termination both fail because she did not suffer an adverse employment action. *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028 (Cal. 2005). Williams's claim alleging breach of

contract fails because her employment with Redwood was at-will. Williams's claim alleging unfair competition based on age discrimination fails because isolated incidents of discrimination against an employee do not constitute a "business practice" under the California's Unfair Competition Law. Cal. Bus. & Prof. Code § 17200.

The district court did not abuse its discretion in denying Williams's motion to alter or to amend the judgment and to impose terminating sanctions because Williams failed to set forth an adequate basis for such relief. *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011) (standard of review); *see also* Fed. R. Civ. P. 37(a)-(c), (e) (circumstances under which terminating sanctions may be imposed).

We do not consider arguments or allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Williams's motion to appoint counsel is denied. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

23-15251

Redwood's motion to strike Williams's opening brief is granted in part and denied in part. The unauthenticated exhibits attached at the end of the opening brief are stricken. *See Lim v. I.N.S.*, 224 F.3d 929 (9th Cir. 2000).

Williams's motion to expedite the case is denied as moot.

The parties shall bear their own costs on appeal.

**AFFIRMED.**